UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ZETIA (EZETIMIBE) ANTITRUST
LITIGATION                                                                                          MDL No. 2836


### TRANSFER ORDER

**Before the Panel:** Plaintiffs in two actions pending in the Eastern District of New York move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of New York. The motion involves seven actions, two in the Eastern District of New York and five in the Eastern District of Virginia, as listed on Schedule A. The Panel has been notified of seven additional federal actions involving related issues.[1]

Responding parties' positions on centralization vary. Plaintiffs in tag-along actions in the Central District of California, Eastern District of New York, and District of Massachusetts support centralization in their respective districts. Plaintiffs in the Eastern District of Virginia actions initially opposed centralization, but changed their position to support centralization in the Eastern District of Virginia. Defendants Glenmark Pharmaceuticals, Ltd., Glenmark Pharmaceuticals Inc., USA, and Par Pharmaceutical, Inc., support centralization in the Eastern District of Virginia. Defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., and MSP Singapore Co. LLC (Merck Defendants) oppose centralization.[2]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual issues arising from allegations that defendants engaged in an unlawful scheme to delay the introduction of generic competitors to Merck's cholesterol drug Zetia. These issues, which include the merits of a decade-old patent infringement action, appear complex, and likely to require significant discovery. Centralization would avoid duplication of that discovery, as well as eliminate the potential for inconsistent rulings on class certification and other pretrial matters.

In opposition to centralization, the Merck Defendants argue that alternatives to centralization are practicable and preferable. Specifically, the Merck Defendants point out that in the non-Virginia

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] If the Panel orders centralization over their opposition, the Merck Defendants advocate selection of the Eastern District of Virginia as transferee district.

-2-

actions, they already have moved to stay, dismiss, or transfer pursuant to the first-to-file rule and Section 1404(a). But the outcome of that motion practice is uncertain, as is the timing of the various courts' rulings.[3] Furthermore, especially given the substantial potential damages at issue, additional tag-along activity seems likely.

We select the Eastern District of Virginia as the transferee district. Five of the seven constituent actions, including the three earliest-filed actions, are pending in that district, as are four tag-alongs. Chief Judge Rebecca Beach Smith, to whom we assign the litigation, is an experienced jurist who already is presiding over all the Virginia actions. We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Virginia are transferred to the Eastern District of Virginia, and, with the consent of that court, assigned to the Honorable Rebecca Beach Smith for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

---

[3] *See In re: Schnuck Markets, Inc., Customer Sec. Data Breach Litig.*, 978 F. Supp. 2d 1379, 1381 (J.P.M.L. 2013) (ordering centralization of four actions pending in four districts, and rejecting defendant's request that the Panel await rulings on Section 1404 motions in three of the actions).

**IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION**     MDL No. 2836

## SCHEDULE A

<u>Eastern District of New York</u>

UFCW LOCAL 1500 WELFARE FUND v. MERCK & CO., INC., ET AL.,
    C.A. No. 1:18-00763
PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND
    v. MERCK & CO., INC., ET AL., C.A. No. 1:18-01216

<u>Eastern District of Virginia</u>

FWK HOLDINGS, LLC v. MERCK & CO., INC., ET AL., C.A. No. 2:18-00023
FRATERNAL ORDER OF POLICE, MIAMI LODGE 20, INSURANCE TRUST
    FUND v. MERCK & CO., INC., ET AL., C.A. No. 2:18-00035
CESAR CASTILLO, INC. v. MERCK & CO., INC., ET AL., C.A. No. 2:18-00039
ROCHESTER DRUG COOPERATIVE, INC. v. MERCK & CO., INC., ET AL.,
    C.A. No. 2:18-00071
SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND v.
    MERCK & CO., INC., ET AL., C.A. No. 2:18-00108